**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KATHERINE SARA O'KEEFE,

          Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

          Defendants.

No. 26-cv-04560

Judge Andrea R. Wood

Magistrate Judge Albert Berry, III

**ORDER FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Plaintiff KATHERINE SARA O'KEEFE ("O'Keefe" or "Plaintiff") filed an *Ex Parte* Motion for Entry of an Order for Leave to Conduct Expedited Discovery and Service of Process by Email and/or Electronic Publication (the "Motion") against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS O'Keefe's Motion with respect to the request for expedited discovery only.

This Court finds, in the absence of adversarial presentation, that issuing this Order without notice pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure is appropriate because O'Keefe has presented specific facts in support of the Motion clearly showing that Plaintiff will be otherwise unable to properly serve Defendants without the requested leave. Specifically, an *ex parte* Order for discovery of Defendants' financial accounts and email addresses is necessary so that Defendants can be located and served with notice to conserve judicial resources and proceed to the merits of this case. Accordingly, this Court orders that:

1

1. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. Defendants' financial accounts, including operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Temu, Walmart, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

2. Defendants, within fourteen (14) calendar days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing:

   a. their identity and location, including contact information, their true name and physical address, and all associated e-mail addresses, of Defendants;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history; and

   c. the steps taken by Defendants to comply with paragraph 1, (a)-(c) above.

Dated: July 28, 2026

_____
Andrea R. Wood
United States District Judge

**Schedule A**

| No. | Defendants |
|-----|------------|
| 1 | COZY HOME PAGE |
| 2 | Ara Step |
| 3 | dingyuanxianhuanhuanzhongyangzhijiatingnongchang |
| 4 | ybbaxu |
| 5 | 宠菡百货 |
| 6 | Home Wall Accents |
| 7 | xuzhouwuailiankejiyouxiangongsi |
| 8 | guangzhouguanmingshangmaoshanghang |
| 9 | zhujishipinguanhuaxianyouxiangongsi |
| 10 | bozhoushiruizelengnuanshebei |
| 11 | LiJiaJiaoTongKeJi |
| 12 | lankaoxianhuixinjixiezulinyouxiangongsi |
| 13 | PAIION |
| 14 | AnLuShiYunGuoShangMaoYouXianGongSi |
| 15 | LiuYuan |
| 16 | WangMaiSha |
| 17 | H DoodleFab |
| 18 | G DoodleFab |
| 19 | Uncle Painters Shop |
| 20 | HD Anime Poster |
| 21 | Lin mei wall art |
| 22 | HomeHueCanvas |
| 23 | AYIO ART |
| 24 | Brother Light Luxury Home Decoration Painting |
| 25 | E Paint your life painting |
| 26 | Ougood |
| 27 | Ornaments d |
| 28 | YuuGay |
| 29 | decorationaddyang |
| 30 | GlamLane |
| 31 | HCZ Art |
| 32 | ETree |

4